CHARLES THOMPSON V. E. A. WIGGENHORN ET AL.

[FILED MAY 19, 1892.]

1. **Mill-Dams:** REBUILDING: JOINT OWNERS: LIMITATIONS: IN-
   FANCY. Under the provisions of section 15, chapter 57, Com-
   piled Statutes, where one of the owners of a water power and
   grist mill, which has been destroyed, is a minor, the limitation
   of time within which the erection of a new mill must be com-
   menced will not begin to run until he reaches his majority; and
   in such case the protection of the statute extends to other joint
   owners.

2. ———: ———: ———: ———: ———. The rule is that where
   common interests can be severed, the protection of the statute
   extends no further than to him within its protection. But
   where no such severance can be made, and the protection of the
   statute cannot be secured without covering other interests, the
   benefit of the statute in favor of one inures to all.

ERROR to the district court for Saunders county. Tried below before MARSHALL, J.

*C. Thompson*, and *J. R. & H. Gilkeson*, for plaintiff in error:

The rights of an infant are not saved unless the saving clause in the statute of limitations provides in terms for

his precise case. (Tyler, Infancy & Covert, sec. 113.)
Wherever several persons have a joint interest and one of
them is barred by the statute of limitations, the rights of
all are barred ; and this, though the others are under disa-
bility within the saving clause of the statute. (*Dickey v.
Armstrong*, 1 A. K. Marsh [Ky.], 39 ; *Thomas v. Machir*,
4 Bibb [Ky.], 412 ; *Simpson v. Shannon*, 3 A. K. Marsh.
[Ky.], 462 ; *Robertson v. Smith*, Litt. Sel. Cas. [Ky.], 296 ;
*Roberts v. Ridgeway*, Id., 394 ; *Floyd v. Johnson*, 2 Litt.
[Ky.], 109 ; *Shute v. Wade*, 5 Yerg. [Tenn.], 1 ; *Wells v.
Ragland*, 1 Swan [Tenn.], 500 ; *Belote v. White*, 2 Head
[Tenn.], 702 ; *Anding v. Davis*, 38 Miss., 574 ; *Jordan v.
McKenzie*, 30 Id., 32 ; *Hardeman v. Sims*, 3 Ala., 747 ;
*Walker v. Bacon*, 32 Mo., 144 ; *Sanford v. Button*, 4 Day
[Conn.], 310 ; *Doolittle v. Blakesley*, Id., 265 ; *Riden v.
Friton*, 3 Murph. [N. Car.], 577 ; *Traweek v. Kelly*, 60
Miss., 652.) So when one execution is barred all are.
(*Turner v. Debell*, 2 A. K. Marsh. [Ky.], 384.) So where
a writ of error *must* be joint, what bars one bars all. (*Shan-
non v. Dun*, 8 Blackf. [Ind.], 182.) So of bill of review.
(*Baker v. Grundy*, 1 Dun. [Ky.], 281.) Where one co-
heir is barred, so are all. (*Johnson v. Harris*, 5 Hayw.
[Tenn.], 113 ; *Langdon v. Rowlston*, 2 Taunt. [Eng.], 441 ;
*McIntire v. Heir*, 5 Litt. [Ky.], 33 ; *South v. Thomas*, 7
Mon. [Ky.], 59.) He might have used other funds belong-
ing to the estate to rebuild the mill. (*In re Kearnes*, 1 Pa.
St., 326 ; *Frankenfeld's App.*, 102 Id , 588 ; *U. S. Mtg. Co.
v. Perry*, 24 Fed. Rep. [Ill.], 838.)

*G. M. Lambertson*, and *H. J. Whitmore, contra:*

Sec. 15, ch. 57, Comp. Stats., does not control. (*McDougle
v. Clark*, 7 B. Mon. [Ky.], 448 ; *Marshall v. Craig*, 1 Bibb
[Ky.], 379 ; *Payne v. Taylor*, 3 A. K. Marsh. [Ky.], 328.)
Infancy of one of the owners is sufficient to defeat plaint-
iff's action. (*McDougle v. Clark*, 7 B. Mon. [Ky.] 448 ;
*Sturges v. Longworth*, 1 O. St., 545 ; *Harrison v. Rowan*,

4 Wash. C. C. [U. S.], 207; *Beeler v. Bullitt*, 4 Bibb [Ky.], 11; *Henly v. Gore*, 4 Dana [Ky.], 133; *Massie v. Donaldson*, 8 O., 377; *McDaniel v. Correll*, 19 Ill., 226; *Peak v. Shasted*, 21 Id., 137; *Burger v. Potter*, 32 Id., 66; *Hall v. Davis*, 44 Id., 491; *Meese v. Keefe*, 10 O., 362; *Riddle v. Roll*, 24 O. St., 572.)

MAXWELL, CH. J.

This is a proceeding in *ad quod damnum* brought by the plaintiff against the defendants to condemn the defendants' property on Salt creek, at Ashland, for the purpose of erecting a mill-dam. On the trial of the cause in the court below the court found the issues in favor of the defendants and dismissed the action. It appears from the evidence that in the year 1862 Dennis Dean erected a mill-dam and grist mill on Salt creek about forty rods up the stream from the point where the plaintiff desires to erect a mill-dam and mill; that this mill was propelled by the water power thus created, and was under the control of Dean until 1883, when he sold the mill and appurtenances, together with the water power, to E. A. Wiggenhorn and Henry Schluitz; that they entered into possession and operated the mill for some time, when Schluitz died, leaving a widow and four children, who are defendants in this action; that at the time of his death at least two of the children were minors and the son had not reached his majority when this action was brought. About the year 1885 the mill was burned, and the next year a considerable portion of the dam was washed out. The amended petition for condemnation was filed in the district court on the 30th day of March, 1888, the date when the original was filed does not appear. It is admitted that if the plaintiff is permitted to erect a dam eight feet in height at the point he desires to erect the same, it will back water up on the defendants' mill-site to the depth of about seven feet and practically destroy it. The defendants at

the time of the trial had taken no steps to erect a new mill, and the plaintiff claims that they have forfeited their right to do so, and he relies upon section 15, chapter 57, Compiled Statutes, which is as follows: "If the petition is brought to obtain leave to build a mill-dam, and such leave is granted, the plaintiff shall, upon paying respectively to the persons entitled the value of the acre so located, and the damages assessed on the inquest aforesaid, become seized in fee-simple of the said acre of land; but if he shall not, within one year after the final adjudication, begin to build said mill and finish the same within three years, and afterwards continue it in good repair for public use, or, in case said mill and dam, or either of them, be destroyed, if he shall not begin to rebuild the same within one year after such destruction and finish the erection thereof within three years thereafter, the said acre of land shall revert to the former proprietor and his heirs, unless at the time of such destruction the owner of such mill be an infant, or imprisoned, or of unsound mind, in which case the length of time above specified shall be allowed after such disability is removed."

The rule is that where the common interests of the defendant can be severed, the protection of the statute of limitations extends no further than to him within its provisions; but where no such severance can be made, and the protection of the statute cannot be secured without covering other interests, the benefit of the statute in favor of one inures to the benefit of all. (*Moore v. Armstrong*, 10 O., 11; *Meese v. Keefe*, Id., 362; *Riddle v. Roll*, 24 O. St., 572; *Sturges v. Longworth*, 1 Id., 562.) In the case at bar the interests of the defendants are joint and at least one of them was under age, and there is testimony tending to show that this was one of the main hindrances to the erection of a new mill. However this may be, he would not be in default until he become of age, and this same cause operated in favor of all to prevent a forfeiture of the right to erect

and maintain a mill-dam and mill at the former location. It is unnecessary to consider the other points discussed in the brief. The judgment of the court below is right and is

AFFIRMED.

THE other judges concur.